In the Matter of the Claim of RICHARD E. KING, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal from a decision of the Unemployment Insurance Appeal Board which modified and as modified affirmed a referee's decision overruling an initial determination of the appellant which had imposed a forfeiture of benefits against claimant for twenty-four effective days because he willfully made a false statement to obtain a benefit. The false statement was made in January, 1950, to obtain a benefit to which it was found claimant was then ineligible because of insufficient earnings in his base year of 1948. The forfeiture aforesaid was then imposed and applied against him later when in the next benefit year and in June, 1950, he again filed for benefits. This in our view the statute expressly permits. Decision reversed, on the law, and the initial determination of the commissioner reinstated, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.

■

In the Matter of the Claim of HECTORINE DE BRUYNE, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Claimant is a fur finisher. Her last employment before filing her claim for unemployment insurance benefits was at the rate of $50 a week. She was referred for work as a finisher and sewer on ladies' coats at a rate which would be $40 beginning with the second week. This was refused by claimant because of the wage and because the work differed from her work as a fur finisher. The commissioner held her disqualified because of her refusal of employment without good cause; but the appeal board has decided that since the offered employment would not have utilized all the skills which claimant had acquired she was justified in refusing it. The statutory test of disqualification is the refusal of employment for which claimant is reasonably fitted by training and experience. The full utilization of skills is desirable, but it is not the test fixed by the law. There may be times during which, as here, there is temporarily no work which will fully utilize all of claimant's skills. While that period lasts, at least, the statute is met if employment for which claimant is fitted " by training and experience " is offered. When other employment which will use the higher skills becomes available, it should then be offered. (Cf. *Matter of Delgado* [*Corsi*], 278 App. Div. 237.) There is no finding here that claimant was not reasonably fitted by training and experience for the work offered, or that the wage offered was not the prevailing wage for that work. Decision of the appeal board reversed on the law and the determination of the Industrial Commissioner reinstated, without costs. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.