In the Matter of the Claim of NICOLAS FOSCARINIS, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, July 8, 1954.

*Nathaniel L. Goldstein, Attorney-General (Francis R. Curran* and *Wendell P. Brown* of counsel), for appellant.

*Wilbur Daniels* and *Morris P. Glushien* for respondent.

COON, J. Succinctly put, the question presented here is whether a refusal of an offer of employment by a person not then claiming benefits, may be the basis of disqualification under section 593 (subd. 2) of the Unemployment Insurance Law (Labor Law, art. 18), when he thereafter applies for benefits.

Claimant had been temporarily employed for a short period of time before Christmas in 1951 as a toy reassembler. Thereafter

he worked for about five months for another employer and was laid off on September 25, 1952. On October 3, 1952, his previous employer in the toy business offered him the same pre-Christmas temporary job as a toy reassembler, and claimant refused the offer. The offer has been considered by the Appeal Board as an offer of " suitable " employment within the meaning of the statute, and will be so regarded here. At the time of this refusal of October 3, 1952, claimant had not contacted an unemployment insurance office or filed any claim for benefits.

On October 6, 1952, claimant filed an application for unemployment insurance benefits, and the initial determination of the Industrial Commissioner disqualified him because of the refusal of October 3, 1952. After a hearing a referee and the Appeal Board reversed the initial determination on the ground that the statute does not authorize disqualification by reason of a " refusal " prior to an application for benefits. From this decision the commissioner appeals to this court.

Section 593 (subd. 2) of the Unemployment Insurance Law (Labor Law, art. 18), provides, in part: " *Refusal of employment*. No benefits shall be payable to any claimant who without good cause refuses to accept an offer of employment for which he is reasonably fitted by training and experience, including employment not subject to this article."

It is elementary that in construing a statute the first guide to legislative intent is the language of the statute itself. If the language is clear and unambiguous, resort may not be had to other rules of statutory construction to imply some different meaning. (*Meltzer* v. *Koenigsberg*, 302 N. Y. 523, 525; *Matter of Berson* [*Corsi*], 283 App. Div. 190, 193; *Matter of Emil Hubsch Post, V. F. W.* [*Corsi*], 278 App. Div. 460, 463.) The statute provides that any " claimant " who " refuses " a suitable job is disqualified. Had the Legislature intended the disqualification to apply to any person, claimant or nonclaimant, who refuses or has refused a suitable job, it would have been very simple to have said so. The fact that the word " refuses " is in the present tense is significant, and is certainly not indicative of any intention to include the past. The statute limits the disqualification to a " claimant " who " refuses ", and it seems clear that the status of claimant and the refusal must be concurrent.

Aside from the language of the statute there are other persuasive reasons for upholding the construction adopted by the Appeal Board. Section 593 (subd. 2) has been a part of the Unemployment Insurance Law without substantial change since

the inception of the law. Since 1941 the Appeal Board has consistently and repeatedly held that a person may not be disqualified for having refused employment at a time which preceded his application for unemployment insurance benefits. In the interval the law has been amended several times, and in 1944 was completely recodified and re-enacted. (L. 1944, ch. 705.) Had the Legislature desired to override such administrative construction it could easily have done so, and the fact that it did not indicates legislative approval of the previous interpretation given the statute. (*Matter of Gilmore* v. *Preferred Acc. Ins. Co.,* 283 N. Y. 92, 97; *Matter of Berson* [*Corsi*], *supra.*)

Moreover, as far as refusal of a job is concerned, the claimant does not subject himself to the disqualifying provisions of the Unemployment Insurance Law until he brings himself within the system by seeking benefits. It is inherent in the statute that, before a disqualification may be imposed, benefit rights must exist from which he might be disqualified. At the time of this " refusal " there was nothing from which the claimant might have been disqualified. While in this case the " refusal " was only three days prior to filing for benefits, the principle involved would apply if three weeks, or three months, or even a longer period of time had elapsed. Who is to decide the stopping point? Must an applicant's entire work record be investigated to determine, if possible, whether he ever refused suitable employment without good cause? The practical difficulties are apparent.

While no court decisions directly in point have been called to our attention, text writers on the subject are in accord with this view. " A worker cannot be disqualified for refusing a job during a period in which he is not an applicant for benefits." (Colin on Law of Unemployment Ins. in New York, p. 260 [1950].) " In general, an offer of employment may be made to a claimant at any time. But before the refusal penalty may be imposed, it must be shown that, at the time of the job offer, the claimant was unemployed, and had registered and was qualified for benefits." (Chutroo on Suitable Work under New York Unemployment Ins. Law [1947], p. 7.)

The decision of the Unemployment Insurance Appeal Board should be affirmed, with costs to claimant against the Industrial Commissioner.

Foster, P. J., Bergan, Halpern and Imrie, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, with costs to claimant against the Industrial Commissioner.