In the Matter of the Claim of CATHERINE SCHURMANN, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.

Third Department, May 4, 1962.

Louis J. Lefkowitz, Attorney-General (Harold F. Lee, Paxton Blair and Samuel Stern of counsel), for appellant.

Henry J. Metzner for respondent.

GIBSON, J.   Appeal is taken by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held that since claimant's claim for benefits was not sustainable, when filed, because her unwillingness to work more than three days per week made it impossible for her to accumulate any effective days of unemployment (Labor Law, §§ 523; 527, subd. 3), she could not be disqualified, under subdivision 2 of section 593 of the Labor Law, upon her subsequent refusal of employment without good cause.

The board's decision is predicated in large part upon its quotation of the language that, '' before a disqualification may be imposed, benefit rights must exist from which [claimant] might be disqualified '', from our opinion in *Matter of Foscarinis (Corsi)* (284 App. Div. 476, 478) in which, however, the refusal of the offer of employment occurred *before* any claim for unemployment benefits was made.   The board would thus limit the meaning of '' claimant '' as used in the statute (Labor Law, § 593, subd. 2) to one who has filed a '' valid original claim '' (this quotation in the board's decision being from section 527 of the statute) ; but '' claimant '' is expressly defined by section 515 as meaning '' any person seeking benefits for unemployment.''   Thus, the meaning suggested by the board is not merely at odds with the statutory definition but would ignore, also, the common acceptation of the term as referring to one *claiming* benefits to which he may or may not be entitled and thus by strained construction of unambiguous language attach a peculiar significance to a simple term.   Indeed, in the *Foscarinis* case *(supra)*, upon which the board's decision rests, we held the language of the statute '' clear and unambiguous '' (p. 477) and in the very first sentence of the opinion defined the question presented as '' whether a refusal of an offer of employment by a person *not then claiming benefits,* may be the basis of disqualification under section 593 (subd. 2)   *   *   *   when he

*thereafter* applies for benefits '' (p. 476). (Emphasis supplied.) Here, respondent had filed, thus becoming a '' claimant '', prior to the making and refusal of the job offer. The decision necessarily implies that respondent had never been a claimant and does not proceed upon the ground that she had ceased to be such by reason of the original denial of benefits; but, on the contrary, seems to recognize that her status, however defined, continued unchanged. Indeed, it was while she, as a claimant, was continuing to report (pursuant to the Commissioner's direction, during the period within which application for review could be made) and while she thus remained '' within the system '' (*Foscarinis, supra,* p. 478), that the unemployment insurance office notified her of the offer of re-employment.

The conclusion which we have reached finds support in our decision in the somewhat analogous case of *Matter of King* (*Corsi*) (278 App. Div. 1036). There, as appears from the record on appeal, the board held that the statutory forfeiture by reason of a willful false statement (Labor Law, § 594) was improperly imposed by the initial determination because claimant was then ineligible for benefits because of insufficient earnings in his base year and hence had no benefit rights which could be suspended then or in a new benefit year. This court reversed and reinstated the initial determination, as one that '' the statute expressly permits ''. If the limitation '' valid original claim '' did not, in *King*, qualify the reference to '' claimant '' in section 594, certainly it may not be read into subdivision 2 of section 593. In any event, the construction found by the board in the case before us seems to us a forced one and both unwarranted and unnecessary.

The decision should be reversed and the initial determination of the Industrial Commissioner reinstated, without costs.

Bergan, P. J., Coon, Herlihy and Reynolds, JJ., concur.

Decision reversed and initial determination of the Industrial Commissioner reinstated, without costs.