600 P.2d 773

Ronald D. MAGER,
Claimant-Respondent,

v.

GARRETT FREIGHTLINES, INC.,
Employer-Appellant,

and

Department of Employment,
Defendant-Respondent.

No. 12845.

Supreme Court of Idaho.

Sept. 10, 1979.

Rehearing Denied Oct. 18, 1979.

L. Charles Johnson and Jack H. Robison of Johnson & Olson, Pocatello, for employer-appellant.

Ronald D. Mager, pro se.

R. LaVar Marsh, Deputy Atty. Gen., Boise, for defendant-respondent.

Before SHEPARD, BAKES and BIST-LINE, JJ., and ROWETT and HAR-GRAVES, JJ., pro tem.

PER CURIAM:

Ronald D. Mager was employed by Garrett Freightlines, Inc., as a dock foreman from July 5, 1975, until he voluntarily quit such employment on June 17, 1977. Prior to that employment, he had attended Idaho State University and had worked as an educator and counselor.

Mager's application for unemployment compensation benefits was denied by both a claims examiner and an appeals examiner on the grounds that he had left his employment without good cause. Mager then wrote a letter to the Industrial Commission

requesting a review, listing eight additional reasons why he felt he had good cause for leaving such employment. The Commission treated Mager's letter as a claim for review and sent a letter advising all interested parties that, as soon as a transcript had been received by the agency, they would be given an opportunity to appear before the Commission at a hearing. Mager thereupon wrote the Commission asking that the hearing be held in Seattle, where he had just moved. The Commission wrote to Mager that it would be impossible to hold a hearing in Seattle but that if he were unable to return to Idaho he could submit his case on the record. Mager wrote back that he felt he would again lose his case if the Commission considered only the record but that he would like them to proceed with a review if his *letter* with the eight additional "reasons" could "be used for evidence." He wrote that if such letter could not "be used for evidence" he would then try to get to Boise.

■ Thereupon, the Commission sent a notice to all interested parties advising that Mager had expressed a desire to submit his case to the Commission for decision on the basis of the existing record *and* his letter of appeal. The Commission stated that "[i]f any party objects to having this letter considered by the Commission in making its decision, or if any party wishes to submit written argument prior to the Commission making its decision, please do so within fifteen (15) days of the date of this letter."

Subsequently, the Commission issued Findings of Fact and Conclusions of Law and Order which considered not only the testimony presented by Mager to the appeals examiner, but also the contents of his letter. The Commission concluded that Mager had established good cause for quitting his employment and entered an order reversing the decision of the appeals examiner.

On appeal, appellant Garrett Freightlines, Inc., contends that the notice served upon them did not put them on notice that the Commission might determine Mager's eligibility for unemployment compensation by considering as evidence the matters set out in the letter which had not previously been considered by either the claims examiner or the appeals examiner. Although Garrett did not receive copies of other correspondence between Mager and the Commission, it did receive a copy of the September 18, 1977, letter from Mager which the Commission considered as additional evidence. The letter was attached to the notice sent by the Commission which informed Garrett that if it objected to having the letter considered by the Commission or wanted to submit written arguments it could do so within fifteen (15) days.[1] Garrett failed to file written objections, failed

---

1. Claimant Mager's letter to the Industrial Commission inquiring whether his letter could be used as "new evidence" by the Commission in a review of the Department's decision denying him unemployment compensation benefits read in part as follows:

"Please proceed with a review if that letter can be used as evidence. If it cannot be used please let me know and I will somehow try to get to Boise since I strongly feel I have good reason to win this case.
Sincerely, H. Ronald Mager."
The Commission responded to Mager by letter as follows, indicating that copies of its letter and also copies of Mager's letter were sent to appellant Garrett Freightlines and respondent Department of Employment:
"To All Interested Parties:
"This is to advise you that the claimant has expressed his desire to submit his case to the

Commission for decision on the basis of the existing record and his letter of appeal, a copy of which is attached hereto. If any party objects to having this letter considered by the Commission in making its decision, or if any party wishes to submit written arguments prior to the Commission making its decision, please do so within fifteen (15) days of the date of this letter.

Very truly yours,
INDUSTRIAL COMMISSION
(Signed) WILL S. DEFENBACH
Chairman
"Copies to:
Ronald Mager, 1049 Delano, Pocatello 83201
Garrett Freight Lines, Garrett Way, Pocatello
Department of Employment, Boise"

to demand that Mager attest to the statements in his letter, and failed to demand any right of cross examination with regard to the same. Unlike the notice in *White v. Idaho Forest Industries*, 98 Idaho 784, 572 P.2d 887 (1977), the notice here sufficiently complied with I.C. § 72–713 [2] and was fair notice of how the Commission intended to proceed. Garrett's failure to respond constituted a waiver of its hearing rights.

We agree with appellant Garrett Freightlines, Inc., that the letter which was submitted by Mager and considered by the Commission to augment the record consisted of unsworn statements, some of which were objectionable hearsay or conclusions reached by Mager. Garrett, however, waived objections to the competency of such evidence by failing to object thereto. *In re Bowen*, 95 Idaho 334, 508 P.2d 1240 (1973); *Hamby v. J. R. Simplot Co.*, 94 Idaho 794, 498 P.2d 1267 (1972); *Naccarato v. Village of Priest River*, 68 Idaho 368, 195 P.2d 370 (1948); *Eastern Idaho Loan & Trust Co. v. Blomberg*, 62 Idaho 497, 113 P.2d 406 (1941); *Hamlin v. University of Idaho*, 61 Idaho 570, 104 P.2d 625 (1940).

Under Idaho Const. art. 5, § 9, and prior decisions of this Court, our review of unemployment compensation cases is limited to reviewing questions of law. In *Booth v. City of Burley*, 99 Idaho 229, 580 P.2d 75 (1978), we further held that even where witnesses do not appear before the Industrial Commission this Court will not independently adopt findings of fact at variance with those of the Industrial Commission provided the Commission's findings are supported by substantial and competent evidence in the record.

Findings of the Commission included the following: Mager voluntarily quit work on June 21, 1977; his normal shift was from 3:00 p.m. to midnight; he had become dissatisfied with his work for about a year

prior to quitting; management daily demanded that he complete unreasonable amounts of work with only a small crew and then demanded explanation for non-performance; and Mager received such frequent phone calls after returning home at midnight that he had difficulty getting a night's sleep.

The Commission properly found the facts and, applying the statutory law to those facts, determined that Mager had established good cause for quitting, thereby entitling him to benefits. In sum, the Commission, to whom the factfinding process is entrusted, found that Mager was harassed and that he was justified in leaving such employment. Accordingly, since we cannot say as a matter of law that there is no evidence substantiating that determination, we must affirm. Idaho Const., art. 5, § 9; *Booth v. City of Burley*, 99 Idaho 229, 580 P.2d 75 (1978).

Affirmed. Costs to respondent.

HARGRAVES, Justice, Pro Tem., dissenting:

I am unable to join in the majority opinion and respectfully dissent.

I

I agree with the contention of Garrett that the notice served upon them did not properly advise that Mager's letter or "request for review" would be considered by the Commission as *evidence*. Garrett did not receive copies of other correspondence between Mager and the Commission as correctly pointed out by the majority. I consider this to be a fatal procedural defect. The vital letter, in my opinion, was that from Mager to the Commission dated September 18, 1977. In this letter Mager stated, among other things, ". . . if I could use the letter . . . sent the

2. "72–713. NOTICE OF HEARINGS—SERVICE.—The commission shall give at least ten (10) days' written notice of the time and place of hearing and of the issues to be heard, either by personal service or by registered or certified mail. Service by mail shall be deemed complete when a copy of such notice is deposited in

the United States post office, with postage prepaid, addressed to a party at his last known address, as shown in the records and files of the commission. Evidence of service by certificate or affidavit of the person making the same shall be filed with the commission."

Commission stating the reasons why I should be granted a hearing, *as new evidence* to be considered I would like my case to be considered," and, "If the Commission only knows the facts presented before the Appeals Examiner that are now in the transcript I will only lose the case again." (Emphasis added.)

I agree with Garrett's contention that the notice by the Commission could not fairly be interpreted to mean that the appeal grounds contained in the letter would be treated as *facts,* without affording the right of cross-examination or of Garrett to present other evidence. I cannot and do not agree with the conclusion of the majority that unlike the notice in *White v. Idaho Forest Industries,* 98 Idaho 784, 572 P.2d 887 (1977), the notice here sufficiently complied with I.C. § 72–713 and was fair notice of how the Commission intended to proceed. Nor do I agree with the conclusion that Garrett's failure to respond constituted a waiver of its hearing rights. I believe the rule to be that there can be no waiver without the intentional relinquishment of a known right after knowledge of the facts. Had Garrett been furnished a copy of the September 18th letter, it would have immediately perceived that claimant was seeking to inject a new element (or elements) into the case and did not wish to rely on the testimony formerly adduced before the appeals examiner. With this information available, if Garrett *then* failed to object or failed to ask leave to submit further evidence or failed to ask that claimant submit to cross examination on the new issues, a waiver may well have resulted. In my opinion this case falls within the condemnation expressed by Justice Bistline in *White* to the effect that I.C. § 72–1368 is not a carte blanche allowing the unbridled right to present a substantially new case, absent some showing as to why the evidence had been unavailable earlier.

## II

I recognize that the review by this Court of unemployment compensation cases is limited to reviewing only questions of law.

However, it is also required that findings of the Commission be supported by substantial and *competent* evidence in the record. The majority concedes that the letter submitted by Mager and used by the Commission consisted of unsworn statements, hearsay and conclusions, but then maintains and holds that Garrett waived objections to the competency of such evidence by failing to object thereto. I agree that failure to object to the admission of testimony or other evidence *may* constitute a waiver, but if, and only if, a fair or reasonable opportunity is afforded an objection in the first place.

I reiterate my opinion relating to waiver as stated above.

## III

The sworn testimony of claimant contained in the record which constitutes Mager's reasons for leaving Garrett shows that his suggestions made to the company were ignored, that he had a basic disagreement with the way Garrett was operating; and that a vice-president's idea of running the company was different from his. Claimant Mager testified that "probably, more than anything, was my discussion with Mr. Alsbury, that made me start to really consider leaving the company." This discussion took place about one and one-half weeks before claimant left Garrett. The record discloses that Mager was in no danger of discharge, and he concedes he "was fairly treated."

All of these factors were considered by the appeals examiner who, in my opinion, correctly concluded that claimant's reasons for leaving were purely personal and subjective in nature and "do not constitute good cause."

The Commission, on the other hand, in treating claimant's "request for review" as additional or new evidence "found" some different factors which it concluded did constitute "good cause." However, these were factors never raised or considered below and which effectively permitted claimant to "present substantially a new case." Notwithstanding the additional or "new evidence," the conclusion still remains that claimant's reasons for leaving the company

were purely personal and subjective and were *unique to this employee.* Such reasons do not constitute "good cause." I.C. § 72–1366(e);[1] *Flynn v. Amfac Foods, Inc.,* 97 Idaho 768, 554 P.2d 946 (1976); *Clark v. Bogus Basin Recreational Association,* 91 Idaho 916, 435 P.2d 256 (1967). Claimant was, after all, originally hired as a foreman and thus, being in a supervisory capacity, would be expected to have conflicting demands made upon him, to receive night calls, and to have demands made for explanation as to why work was not completed.

In summary, the employer was not accorded due process in connection with the Commission "notice." Even assuming Mager's letter was correctly considered as evidence, I conclude that the findings of the Commission are not supported by the evidence in the record. I would reverse and reinstate the decision of the appeals examiner.

SHEPARD, J., concurs.

1. "72–1366. *Personal Eligibility Conditions.—* The personal eligibility conditions of a benefit claimant are that—

. . . . .

"(e) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment. . . . ."