609 P.2d 160

**Rebecca N. FOOTE, Claimant-Appellant,**

v.

**GRITMAN MEMORIAL HOSPITAL, Employer, and Department of Employment, Defendants-Respondents.**

**No. 12899.**

Supreme Court of Idaho.

April 2, 1980.

Rebecca Foote, pro se.

David H. Leroy, Atty. Gen., R. LaVar Marsh and Roger Madsen, Deputy Attys. Gen., Boise, for defendant-respondent Dept. of Employment.

Cope R. Gale, Moscow, for defendant-respondent Gritman Memorial Hospital.

PER CURIAM.

Claimant-appellant Foote resigned from her job as an x-ray technician at Gritman Memorial Hospital in Moscow on May 27, 1975, after being employed for some 18 months. Shortly thereafter she applied for unemployment compensation benefits and was denied them because of a finding that her resignation was voluntary and without good cause, and because it was also found that she had turned down comparable employment offered to her at the time of her

resignation. A redetermination of the denial of benefits was bypassed under I.C. § 72–1368(d) and a series of hearings was held before an appeals examiner of the Department of Employment. The appeals examiner upheld the denial of benefits and Foote appealed to the Industrial Commission, which remanded her case for rehearing before another appeals examiner because of procedural irregularities.

On rehearing a new examiner again affirmed the denial of benefits on the sole ground that Foote had voluntarily resigned without good cause. Foote then took another appeal to the Industrial Commission, which after yet another hearing entered findings of fact and conclusions of law affirming the decision of the appeals examiner. Foote thereafter filed timely notice of appeal to the Idaho Supreme Court.[1]

■ Appellant first argues on appeal that the conclusion of the Industrial Commission is not supported by the evidence. In raising this argument claimant confronts a well established principle of appellate review, that this court will not disturb the factual conclusions of the Industrial Commission where competent although conflicting evidence exists to support them. *Hoyt v. Morrison-Knudsen Company, Inc.*, 100 Idaho 650, 603 P.2d 993 (1979); *Rogers v. Trim House*, 99 Idaho 746, 588 P.2d 945 (1978). Substantial, although conflicting evidence exists to support the Industrial Commission's findings in this case.

Appellant also argues that the Commission incorrectly applied the law. We see no such error. Affirmed.

1. During the pendency of this claim, Foote has thus been involved in seven hearings before appeals examiners and the Industrial Commission in addition to the original determination made by the Department of Employment. Activity in this case was initiated some four and one-half years ago.