615 P.2d 769

**Rhoda RALSTON, D.V.M., Claimant-Appellant,**

v.

**PEND OREILLE VETERINARY SERVICE, Employer,**

and

**Department of Employment, Defendants-Respondents.**

No. 13022.

Supreme Court of Idaho.

Aug. 13, 1980.

Peter C. Wagstaff, Coeur d'Alene, for claimant-appellant.

David H. Leroy, Atty. Gen., R. LaVar Marsh, Roger B. Madsen, Deputy Attys. Gen., Boise, for Department of Employment.

Gary A. Finney, Sandpoint, Idaho, for Pend Oreille Veterinary Service.

BAKES, Justice.

Claimant appellant Rhoda Ralston appeals from an order of the Industrial Commission which denied her unemployment compensation benefits because of her failure to accept an offer of suitable employment without good cause. Ralston, a licensed veterinarian, was employed by Pend Oreille Veterinary Service from July 1, 1975, to June 30, 1977. She was employed under two consecutive one year contracts, the second of which expired June 30, 1977. Her contracts contained salary and vacation provisions and a restrictive covenant prohibiting her from practicing veterinary medicine in Bonner County, Idaho, and an adjacent county in Washington state for three years following termination of employment with Pend Oreille Veterinary Service.

Claimant and her employer began negotiating a third one year employment contract, to commence July 1, 1977, in March, 1977. Both claimant and her employer stated that they initially reached agreement for a third annual employment contract. However, claimant later had second thoughts about the arrangement, made some counterproposals, and told her employer that she would make a final decision on her third year of employment by April 4. On April 5, claimant informed her employer of her intent to accept the contract offer on the terms proposed by her employer in March. She was informed by her employer, however, that because of her indecision her job had been offered to another prospect and that a decision to renew claimant's contract would have to await the prospect's decision on the offer. Claimant was informed on April 11, 1977, that the other prospect had been hired and that her contract would not be renewed.

Subsequently in late April or early May, 1977, claimant's employers offered her an opportunity to work one additional month, July, at her current wages. Claimant refused this offer, asserting that she needed the month of July to seek new permanent employment. Claimant filed for unemployment compensation benefits on July 5, 1977. Her claim was initially denied by the Department of Employment on the ground that her decision not to accept an additional one month's work in July, 1977, constituted refusal to accept an offer of suitable employment without good cause. I.C. § 72–1366(f). Claimant appealed the Department of Employment's initial determination denying her benefits, and a hearing was held before an appeals examiner. The appeals examiner concluded that claimant was eligible for unemployment compensation benefits. He found that she was not afforded a third one-year contract because of "her indecision and her doubts concerning the practice," but that there was no evidence of employee misconduct which led to failure of the parties to reach agreement on the third year contract. The appeals examiner also found that claimant had good cause to refuse the offer of employment for the month of July, since she would have had to attend job interviews that month in an effort to obtain permanent employment.

The employer appealed the appeals examiner's decision to the Industrial Commission. The employer contended that claimant's indecision in deciding whether to accept the third one-year contract offered her in March compelled the employer to seek another veterinarian to replace her and that the character of the employment market for veterinarians compelled the employer to commit her position to another prospect prior to the time claimant finally agreed to work under the terms of the original contract offer. Employer asserted that claim-

ant was not discharged, but, in essence, that her vacillation over the third year's contract constituted, under the circumstances, a refusal of an offer of suitable employment without good cause.

Following a hearing before an Industrial Commission referee, the commission adopted the referee's findings of fact and conclusions of law and denied benefits to claimant. The commission addressed separately the two aspects of claimant's employment relationship: (1) failure of claimant and employer to agree to a third one-year employment contract; (2) claimant's refusal of her employer's offer of temporary employment for the month of July, 1977.

The commission first held, with respect to the parties' failure to enter a contract for the third year, that because claimant indicated in April, 1979, a desire to renew the contract on terms offered by the employer, she did not voluntarily quit her employment. The commission also held that if the failure to reach agreement on the annual employment contract constituted discharge of the employee, the discharge was not due to employment related misconduct on claimant's behalf. The commission concluded that claimant had therefore satisfied the eligibility conditions contained in I.C. § 72–1366(e).[1] The commission, however, denied benefits to claimant on the ground that her refusal to accept the offered employment for July, 1977, constituted a refusal of an offer of suitable employment without good cause. The commission acknowledged that the temporary nature of the July employment would have necessitated in claimant's engaging in jobseeking activities during that month if she had not yet found permanent employment. However, the commission concluded that claimant's refusal of the offered temporary job without determining whether time off could be arranged for jobseeking activities would not support a

---

1. "72–1366. PERSONAL ELIGIBILITY CONDITIONS.—The personal eligibility conditions of a benefit claimant are that—

.    .    .    .    .

"(e) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment. .    .    .    ."

finding that claimant had good cause to refuse an offer of suitable employment.

The Industrial Commission is the exclusive factfinder in the cases before it. Upon appeal to this Court factual findings of the Industrial Commission which are supported by the evidence are binding upon us, and only questions of law presented by the record may be reviewed by this Court. Idaho Const. art. 5, § 9; *Booth v. City of Burley,* 99 Idaho 229, 580 P.2d 75 (1978); *Mager v. Garrett Freightlines, Inc.,* 100 Idaho 469, 600 P.2d 773 (1979); *Owen v. Newberg Cedar,* 101 Idaho 77, 609 P.2d 144 (1980). In our view of this case, the commission's order denying claimant benefits would have been better supported factually by a finding by the commission that the claimant's refusal to reasonably accept the additional year's offer of employment in March, 1977, constituted a refusal to accept suitable employment when offered, rather than by the commission's finding that the claimant's refusal to accept the offer of the additional one month's employment constituted a refusal to accept suitable employment without good cause. However, we cannot say that there is no evidence to sustain the commission's findings, and therefore the order of the commission is affirmed. *Mager v. Garrett Freightlines, Inc., supra.*

Affirmed. Costs to respondent. No attorney fees.

DONALDSON, C. J., SHEPARD, J., and WALTERS, J. Pro Tem., concur.

BEEBE, Judge Pro Tem., concurring in part and dissenting in part:

I concur in the result of the Court's decision which upholds the commission's determination that claimant had satisfied the eligibility conditions contained in I.C. § 72–1366(e).

I dissent from the affirmance of the commission's order which denied benefits to claimant on the ground that her refusal to accept the offered employment for July, 1977, constituted a refusal of an offer of suitable employment without good cause. Such result involves an erroneous conclusion of law in that the provisions of I.C. § 72–1366(f)[1] are misapplied by the Industrial Commission to reach such denial, and by this Court in its affirmance.

As appears in the majority opinion, the claimant while employed in the performance of a second consecutive one-year contract which was to end the last day of June, 1977, was offered by her employer about the end of April a contract to work for the entire ensuing month of July for a stated sum. Thus, an employed person offered by the employer a contract for a month's work to commence some two months in the future has been found to be, when she became a benefit claimant on July 5, 1977, ineligible under the provisions of I.C. § 72–1366(f) for refusing to accept an offer of suitable employment without good cause.

The provisions of I.C. § 72–1366(e), the pertinent provisions for consideration being set forth in footnote 1 of the majority opinion, are directed to past conduct of a benefit claimant in connection with his former employment; that is, to his conduct in connection with his previous employment at which time he was not a benefit claimant. The provisions of I.C. § 72–1366(f) are unambiguously directed to conduct of a benefit claimant contemporaneous with his being such a benefit claimant. This contemporaneous aspect of I.C. § 72–1366(f) is commonly referred to as requiring "Availability for Work" of a benefit claimant. *See* 76 Am.Jur.2d Unemployment Compensation § 68 (1975); *Claim of Foscarinis,* 284 A.D. 476, 132 N.Y.S.2d 323 (N.Y.App.Div.1954). The purpose of the provisions is to require a

---

**1.** "72–1366. PERSONAL ELIGIBILITY CONDITIONS.—The personal eligibility conditions of a benefit claimant are that—

"(f) His unemployment is not due to his failure without good cause to apply for available suitable work as directed by a representative of the

Director or to accept suitable work when offered to him, provided, however, the Director shall waive these provisions for each week he is attending training under provision (a) of section 72–1312, Idaho Code."

benefit claimant to apply for available suitable work as directed by a representative of the Director of the Department of Employment or to accept suitable work when offered him. Succinctly, the statute does not encompass the conduct of an employed person who rejects an offer of employment to take effect at some future time.

Further supporting the contemporaneous aspect of I.C. § 72–1366(f) is the authority granted the Director to waive the availability for work provisions where the benefit claimant is attending certain authorized training.

Mischief of such misapplication of the statute includes the entrenchment upon a myriad of courses of action which an employed person rejecting such future employment would otherwise have as a matter of right. Pertinent to the facts of this case (because claimant needed to find permanent employment) would be to preclude the right of claimant to accept any such permanent employment which would become available to her to commence upon termination of her contracted employment which ended in June, 1977. In connection with these observations, it should be well noted that the offer of employment was for the entire month of July at a stated sum, and such term-nature of the employment is to be sharply distinguished from the more common employment which is terminable at will. The latter type of employment even though accepted, perforce its termination-at-will aspects, would be less or even not entrenching on freedom of choice of available opportunities that might appear on the horizon.

The issue of the refusal to accept the employer's April offer of temporary employment for the month of July, 1977, should have been measured and determined under the applicable statute, I.C. § 72–1366(e).

The failure of this Court to make the distinction in the mutually exclusive scopes of I.C. § 72–1366(e) and I.C. § 72–1366(f), i. e., the former relating to conduct under a former employer-employee relationship, the latter to conduct while a benefit claimant, will result in continued and progressive confusion.