# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 42864-2015

BETTY S. HARPER, )
                      )      **Boise, September 2016 Term**
      Claimant-Appellant, )
                      )      **2016 Opinion No. 108**
v. )
                      )      **Filed: November 1, 2016**
IDAHO DEPARTMENT OF LABOR, )
                      )      **Stephen W. Kenyon, Clerk**
      Respondent, )
                      )
and )
                      )
PHED INVESTMENTS, LTD. d/b/a )
SILVERSTONE INN AND SUITES, )
                      )
      Employer. )
                      )

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Betty S. Harper, Post Falls, submitted a brief in her behalf.

Douglas A. Werth, Deputy Attorney General, Boise, submitted a brief on behalf of the Department of Labor.

_____

EISMANN, Justice.

This is an appeal by a claimant for unemployment benefits from a decision and order of the Industrial Commission holding that she was not entitled to benefits because she was terminated for cause. We affirm the decision of the Commission.

## I.
### Factual Background.

Betty S. Harper ("Claimant") was terminated from her employment with Phed Investments, Ltd. d/b/a Silverstone Inn and Suites ("Employer"), a hotel located in Post Falls,

where she had been employed as a night auditor. She had worked at the same hotel for over ten years, during which time there had been several ownership and management changes. The most recent owner had acquired the property in February 2013.

Until early May 2014, Claimant worked thirty-five or more hours per week. As a night auditor, her duties included reconciling the credit card batches from the day's business, accepting payment from customers as they checked in, inspecting rooms for damage before refunding a deposit of a customer checking out, conducting security checks, and ensuring that the coffee and breakfast area were prepared.

In February 2014, Employer implemented a new computer-based system that handled reservations and credit card batches. After implementation of that system, Claimant's job performance declined. The manager noticed errors in Claimant's work on the days he came in for the morning shift to relieve her. He verbally counseled her, and she would acknowledge that she could do better. When her performance did not improve, Employer reduced her hours to three days a week and then to two days a week.

On May 3, 2014, Claimant returned the deposit of a customer who was checking out without first inspecting the room. It was later discovered that the customer had smoked in the room. Claimant admitted the error.

On June 7, 2014, Claimant did not settle the credit cards, which was part of her duties. She testified that the password to access the computer system had been changed, so she could not access it. Claimant's direct supervisor testified that Claimant could have called her, another night auditor, or the manager, or Claimant could have used an alternate way to access the system that she had used when the computer system was being installed.

Towards the end of Claimant's shift on that day, she noticed that there were no more coffee beans to make coffee for breakfast. Claimant's direct supervisor instructed her to get coffee beans out of the office, and Claimant refused to do so. Claimant testified that she "explained that under the circumstances I was not comfortable going into the office because everything I was doing was being scrutinized."

Claimant was terminated for failing to perform her duties and for insubordination. Claimant applied for unemployment benefits, which were denied on the ground that she was terminated for misconduct. Claimant appealed, and the matter was heard de novo by an appeals examiner who conducted an evidentiary hearing by telephone. The appeals examiner held that

Claimant was entitled to benefits, and Employer appealed to the Industrial Commission. It reviewed the record de novo and issued a decision and order denying benefits on the ground that Claimant was discharged for employment-related misconduct based upon her failure to perform her job duties to Employer's expectations when she was capable of doing so and for insubordination. Claimant then appealed to this Court.

## II.
## Analysis.

"Upon an appeal from a final decision of the Industrial Commission under the Employment Security Law, 'our review is limited to questions of law, which include whether the Commission's factual findings are supported by substantial and competent evidence and the application of the facts to the law.'" *Poledna v. Idaho Dep't of Labor*, 158 Idaho 372, 374, 347 P.3d 1186, 1188 (2015). Claimant is representing herself in this appeal. "Pro se litigants are held to the same standards and rules as those represented by an attorney," *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003), and they "are not accorded any special consideration simply because they choose to represent themselves," *Woods v. Sanders*, 150 Idaho 53, 57, 244 P.3d 197, 201 (2010).

A claimant is not eligible for unemployment benefits if the claimant was discharged for misconduct in connection with his or her employment. I.C. § 72–1366(5). There are three classifications of misconduct, which are:

> a. Disregard of Employer's Interest. A willful, intentional disregard of the employer's interest.
> b. Violation of Reasonable Rules. A deliberate violation of the employer's reasonable rules.
> c. Disregard of Standards of Behavior. If the alleged misconduct involves a disregard of a standard of behavior which the employer has a right to expect of his employees, there is no requirement that the claimant's conduct be willful, intentional, or deliberate. The claimant's subjective state of mind is irrelevant. The test for misconduct in "standard of behavior cases" is as follows:
>> i. Whether the claimant's conduct fell below the standard of behavior expected by the employer; and
>> ii. Whether the employer's expectation was objectively reasonable in the particular case.

IDAPA 09.01.30.275.02 (1999).

"If the Commission concludes that the claimant's conduct constituted misconduct under one of the classifications, it can, but is not required to, determine whether the conduct also constituted misconduct under one or both of the other two classifications." *Copper v. Ace Hardware/Sannan, Inc.*, 159 Idaho 638, 640, 365 P.3d 394, 396 (2016). The Commission found that Claimant committed three acts constituting misconduct, the last of which was insubordination.[1] "This Court has recognized insubordination as one form of conduct that violates the standard-of-behavior test." *Locker v. How Soel, Inc.*, 151 Idaho 696, 700, 263 P.3d 750, 754 (2011). It is undisputed that Claimant refused to get the coffee beans when directed to do so by her supervisor and that such directive was objectively reasonable. The coffee beans were necessary for Claimant to complete her job duties to have the kitchen stocked for breakfast. That was apparently the last straw.

On appeal, Claimant does not challenge the finding that she committed insubordination. She asserts:

> The events leading to Claimant's discharge were management's opportunity to remove Claimant from the team. If there was an atmosphere of co operation [sic], trust and common goal these events would not have been fatal flaws. Management came to start a team that fit a certain profile. This Claimant was not part of that plan.
>
> . . .
>
> This deterioration of relationship of employee and management resulting in termination was a situation of new ownership creating a new team. Management deliberately took steps to hire and train new, younger employees and phase out the older higher paid employees.

Claimant makes this assertion for the first time on appeal. She did not present evidence on this issue below, nor did she argue it. When asked what was the reason for her discharge, Claimant testified: "According to [the manager] the job wasn't being done and he had written me up and that's when he terminated me. . . . Misconduct I think is what he said." The Commission found that "[n]othing in this record explains Claimant's behavior other than

---

[1] By only addressing the insubordination, we are not holding that the other acts of misconduct found by the Commission were insufficient to constitute misconduct or unsupported by the evidence. There is "no requirement that there be a precipitating act of misconduct immediately prior to the termination of employment before a claimant may be denied unemployment benefits for employment-related misconduct." *Roll v. City of Middleton*, 105 Idaho 22, 26, 665 P.2d 721, 725 (1983). A course of conduct can constitute misconduct. *Weston v. Gritman Mem'l Hosp.*, 99 Idaho 717, 720, 587 P.2d 1252, 1255 (1978). It is simply unnecessary to address the other reasons for Claimant's termination.

Claimant's discomfort with [the manager] and [her direct supervisor] as managers." "We will not address issues raised for the first time on appeal." *Bradford v. Roche Moving & Storage, Inc.*, 147 Idaho 733, 736, 215 P.3d 453, 456 (2009).

### III.
### Is the Department of Labor Entitled to an Award of Attorney Fees on Appeal?

The Department of Labor seeks an award of attorney fees on appeal pursuant to Idaho Code section 12-117. That statute provides that "in any proceeding involving as adverse parties a state agency . . . and a person, . . . the court hearing the proceeding, including on appeal, shall award the prevailing party reasonable attorney's fees . . . if it finds that the nonprevailing party acted without a reasonable basis in fact or law." This appeal was brought without a reasonable basis in fact or law. Therefore, the Department is entitled to an award of attorney fees on appeal.

### IV.
### Conclusion.

We affirm the order of the Industrial Commission, and we award the Respondent costs and attorney fees on appeal.

Chief Justice J. JONES and Justices BURDICK, W. JONES and HORTON **CONCUR.**