347 P.2d 339

**Louise D. BEAN, Claimant-Appellant,**

**v.**

**EMPLOYMENT SECURITY AGENCY and Carroll N. Chaffee et al., d/b/a Pik Kwik Grocery, Respondents.**

**No. 8799.**

Supreme Court of Idaho.

Dec. 9, 1959.

Frank L. Benson, Atty. Gen., John L. Long, Atty. Gen., John W. Gunn, Sp. Asst. Atty. Gen., for respondents.

Robert J. Fanning, Kellogg, for appellant.

Carroll N. Chaffee, Kellogg, pro se.

TAYLOR, Justice.

Claimant (appellant) filed her claim for unemployment compensation benefits October 13, 1958. On the claim form in the blank provided for that purpose she stated her reason for leaving her employment as follows:

"I was cut to 5 days a week so as employer could pay for new wrapping machine. I accepted the 5 days until employer gave another employee, with less seniority, 6 days a week. I felt it was not right so I quit."

Claimant had been employed for about six years as a meat wrapper in the meat market at the Pik Kwik grocery in Kellogg, on a five day week basis. Monday was her day off. At the request of the employer, she worked on Monday, October 6, 1958, and her day off was shifted to Tuesday, October 7th. On Tuesday morning the market received an extra large shipment of smoked sausage, due to an error on the part of the supplier, creating an emergency situation. It became necessary to wrap this sausage preparatory to a special sale. The supervisor in the meat department telephoned claimant and asked if she could come to work. She advised him she could not do so as she had agreed to make a cake and some pies for the church, and because of a lodge meeting in the evening; but she would come an hour early on Wednesday morning. The supervisor then asked another employee, whose day off was Wednesday, to come to work on Wednesday.

Claimant came early on Wednesday as agreed. When the other woman appeared at about nine o'clock, claimant became angry because the other employee was given extra work which claimant thought she should have had because of her seniority. She became loud and abusive toward the supervisor and the other employee. The supervisor tried to calm her because of the presence of customers and other employees in the store. That failing, he took from her hand an electrically heated iron which she was using in sealing meat packages, and told her to go to the basement and cool off until the employer came. Instead, she left her employment.

When her case came before the appeals examiner, claimant changed her story as to the reason she left her employment, stating that the supervisor in "jerking" the hot iron from her hand, took hold of the cord and allowed it to swing down, striking her and burning her on the leg. The super-

visor and employer testified that they had not heard of the burning charge until the hearing before the examiner. The employer further testified that he could not see how it could have happened in the manner stated by claimant because of the fact that she wore heavy wool slacks, besides a light shop apron, at the time. Claimant never returned to discuss the incident with the manager of the store. She had been discharged about a year previously because of a similar tantrum, but was immediately re-employed on a probationary basis.

The appeals examiner and the industrial accident board found that claimant had left her employment voluntarily without good cause, and was therefore ineligible for unemployment benefits.

■ The burden was on claimant to prove that she had met all of the requirements and conditions of eligibility for benefit payments. Claim of Sapp, 75 Idaho 65, 266 P.2d 1027; Turner v. Boise Lodge 310, Etc., 77 Idaho 465, 295 P.2d 256; In re Walker's Claim, 80 Idaho 420, 332 P.2d 199; Watts v. Employment Security Agency, 80 Idaho 529, 335 P.2d 533.

One of the conditions of eligibility is that "his unemployment is not due to the fact that he left his employment voluntarily without good cause * * *." I.C. § 72–1366(f).

■ Where the findings of the industrial accident board are supported by substantial and competent evidence, they will not be disturbed. Idaho Mut. Ben. Ass'n v. Robison, 65 Idaho 793, 154 P.2d 156; Wolfgram v. Employment Security Agency, 77 Idaho 298, 291 P.2d 279; Turner v. Boise Lodge 310 Etc., supra; In re Walker's Claim, supra; Watts v. Employment Security Agency, supra.

■ This court's review in such cases is limited to questions of law. Constitution, art. 5, § 9; I.C. § 72–1368(i). The finding of the board that claimant left her employment voluntarily without good cause is amply supported by the evidence. Watts v. Employment Security Agency, supra; In re O'Toole's Claim, 81 Idaho, 370, 341 P.2d 197; Webster v. Potlatch Forests, 68 Idaho 1, 187 P.2d 527; Jenkins v. Heard, La.App. 2 Cir., 92 So.2d 287; Baker v. Sharp, La. App., First Cir., 1959, 110 So.2d 209; Department of Indust. Relations v. Meeks, Ala.App., 110 So.2d 643; Stewart v. Department of Industrial Relations, Ala.App., 114 So.2d 274.

Order affirmed.

SMITH, KNUDSON, and McQUADE, JJ., concur.

PORTER, C. J., sat at the hearing, but did not participate in the decision.