387 P.2d 473

**Wilma BURROUGHS, Claimant-Appellant,**

v.

**EMPLOYMENT SECURITY AGENCY, Defendant-Respondent.**

No. 9200.

Supreme Court of Idaho.

Dec. 13, 1963.

Roberts & Poole, Boise, for appellant.

Franklin Powell, Boise, for respondent.

TAYLOR, Justice.

Claimant (appellant) entered the employ of The Idaho First National Bank in Boise, September 5, 1961. The cashier of the bank, who employed claimant, advised her that she would be placed in the bookkeeping department temporarily for a training period before being assigned to a more permanent position in the general ledger department. She worked in the bookkeeping department about one month and was then transferred to the general ledger department where she was employed until the end of October. In this latter position, among other duties, she was assigned to the preparation of a daily report of resources and liabilities for the head office. She did not have the experience or ability to make this report without aid and was required to rely upon the assistance of co-workers in the department. She became discouraged and embarrassed and on October 30th advised her immediate supervisor that she was going to quit. The next day, being the end of the month and the end of her pay period, she came back to the bank, worked about half a day, then picked up her paycheck and left.

Her immediate supervisor testified that he had told her not to become discouraged, that he had attempted to contact the cashier to advise him of her determination to quit, but did not find him immediately, nor so advise him until the day after she had left.

Mr. Humphrey, the cashier, testified that at the time of her employment he had advised claimant that she would require a considerable period of training; that she was the first woman to be employed in the general ledger department; that her employment there was experimental; that on learning that she was not "getting along too rapidly" he stopped by her desk and told her not to do anything until she visited with him. He further testified that he did not expect her to acquire the capacity and experience for the job in the short time she had been there; and that other suitable work in the bank could have been given to her had she remained.

Claimant testified that she was advised that she was the first woman to be employed in the general ledger department; that Mr. Humphrey had told her not to become dis-

couraged; that no official of the bank had complained about her work or told her it was not satisfactory; that she voluntarily quit because she found she could not prepare the daily report; and that she had made no inquiry concerning other work in the bank.

The findings of the Industrial Accident Board were based upon the testimony of the witnesses given at a hearing before the board. The essential findings and ruling of the board are as follows:

"There is nothing in the record to show that the employer was dissatisfied with claimant's work, but on the contrary, that it was expected her training and adaptation to the work would take a considerably greater length of time than she had been employed. Claimant did not seek transfer to another department on the basis of her own dissatisfaction with her progress, or lack thereof, and did not give the employer ample notice of her termination to allow him to attempt such transfer.

"The Board concurs in ruling of Appeals Examiner that claimant has not shown good cause for leaving her employment * * *."

On this appeal claimant admits that she left her employment voluntarily, but contends she had shown good cause therefor within the meaning of I.C. § 72–1366(f).

" * * * In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard of what constitutes good cause ·is the standard of reasonableness as applied to the average man or woman, and not to the supersensitive; * * *." 81 C.J. S. Social Security and Public Welfare § 167, pp. 253, 254. Custom Meat Packing Company v. Martin, 85 Idaho 373, 379 P.2d 664; Roby v. Potlatch Forests, 74 Idaho 404, 263 P.2d 553.

The burden of establishing eligibility is placed upon the claimant whenever his claim for benefits is questioned. Custom Meat Packing Company v. Martin, supra; Ankrum v. Employment Security Agency, 83 Idaho 274, 361 P.2d 795; Ellis v. Employment Security Agency, 83 Idaho 95, 358 P.2d 396; Norman v. Employment Security Agency, 83 Idaho 1, 356 P.2d 913; Bean v. Employment Security Agency, 81 Idaho 551, 347 P.2d 339; In re Walker's Claim, 80 Idaho 420, 332 P.2d 199; Claim of Sapp, 75 Idaho 65, 266 P.2d 1027; Roby v. Potlatch Forests, supra.

The findings of the board are sustained by the evidence and the board cor-

rectly ruled that claimant had not shown good cause for leaving her employment.

Order affirmed.

No costs allowed. I.C. § 72–1375(b).

KNUDSON, C. J., and McQUADE, Mc-FADDEN and SMITH, JJ., concur.