578 P.2d 1093

**Twyla J. STONE, SSA 519–20–0174, Claimant-Appellant,**

v.

**SOUTH HILL CHEVRON, Employer, and Department of Employment, Defendants-Respondents.**

**No. 12584.**

Supreme Court of Idaho.

May 12, 1978.

Twyla J. Stone, pro se.

Wayne L. Kidwell, Atty. Gen., R. LaVar Marsh, Deputy Atty. Gen., and Roger B. Madsen, Asst. Atty. Gen., Boise, for respondent Department of Employment, and Dennis A. Ponsness, pro se, for respondent South Hill Chevron.

PER CURIAM.

The appeals examiner for the Department of Employment determined that appellant Stone was ineligible for unemployment benefits on the grounds that she had left her employment "voluntarily without good cause," in violation of I.C. § 72–1366(e). A referee for the Industrial Commission heard Stone's appeal. His decision, affirming the appeals examiner's denial of benefits, was adopted by the Commission.

■ The evidence below was conflicting. Stone argued that she did not voluntarily quit but rather that she was fired from her part-time job as bookkeeper because of declining business. Her employer argued on the contrary, that he intended only to reduce the total hours of her employment, not to fire her, but that Stone would not listen to his offer. The Commission held that a substantial reduction in working hours, under some circumstances, may provide good cause for termination of one's employment, but that a part-time worker such as Stone, who had previously refused to accept full-time employment, does not have cause to quit simply because her hours are somewhat reduced. *Clark v. Bogus Basin*, 91 Idaho 916, 435 P.2d 256 (1967). This is a correct statement of the law to be applied.

■ The findings of fact of the Industrial Commission will be sustained on appeal if supported by substantial evidence in the record. Here the Commission's findings are supported by substantial, though conflicting, evidence and will not be disturbed.