587 P.2d 1250

**Louise CHEESBROUGH, Claimant-Appellant,**

v.

**THREE RIVERS RESORT, Employer,**

**and**

**Department of Employment, Defendants-Respondents.**

**No. 12638.**

Supreme Court of Idaho.

Dec. 20, 1978.

---

1. The opinion in *Mummert* was not available to the trial court, having not been handed down

until 2 months after Hayes' probation was revoked.

William H. Foster, Grangeville, for claimant-appellant.

William B. Taylor, Jr., Grangeville, R. LaVar Marsh, Deputy Atty. Gen., Roger B. Madsen, Asst. Atty. Gen., Boise, for Dept. of Employment.

HARGRAVES, Justice Pro Tem.

Claimant filed her claim for unemployment benefits and a determination was made finding claimant had been involuntarily terminated and awarding her compensation. Thereafter, the initial determination made by the claims examiner was affirmed by an appeals examiner, which was reviewed by hearing conducted April 19, 1977 before a referee of the Industrial Commission, and thereafter the Commission reversed the decision of the appeals examiner, concluding that claimant was ineligible for unemployment insurance benefits by reason of her voluntarily terminating her employment without good cause.

The Commission found that beginning in 1972, claimant worked from approximately May through October each year as a cook for employer, a resort area normally closed during the winter and spring seasons. After being laid off at the end of each season, claimant would apply for and receive unemployment insurance benefits. Claimant received no vacation while working for Mr. and Mrs. Andrews, the owners, until 1976, when she asked for, and was granted, a two week vacation beginning on or about September 12, 1976.

In July, 1976, the Andrews sold the resort to two married couples, the Feckos and the Smiths. The new owners were basically inexperienced in connection with the preparation of food for the large groups which normally visited the resort. Mr. Smith, therefore, began cooking with claimant in the resort kitchen in order to become familiar with the cooking operation. Claimant, however, felt that Mr. Smith was going to replace her with himself, and assumed she would no longer be needed. Soon after taking over the operation, claimant had expressed a desire to work less because of an illness. At that time the new owners told claimant she could work when she was able to, and also raised her wages from four to five dollars an hour in hopes of retaining her services.

The new owners assumed claimant was voluntarily quitting her job effective September 12, and that she was not taking a two-week vacation beginning that date, for several reasons: (1) Claimant had said, "Sunday would be it for me;" (2) Claimant intended to, and did, take all her industrial kitchen utensils which the owners had been using in their operation; (3) Claimant readily assisted the owners in preparing a purchase order to replace all the utensils she was taking; (4) Claimant assisted in the procurement of another cook by suggesting ways to successfully advertise. Finally, at no time did claimant inform the new own-

ers she was not quitting September 12, 1976. On claimant's last day of work she was given a gift purchased by the employers and claimant left the resort. She returned days later, not in her work clothes, but to pick up her final paycheck. She noticed a new cook at that time, but did not inquire as to when she (claimant) was to return to work. She did not otherwise inform the owners she had not quit.

 The only question presented is whether the commission correctly concluded that claimant voluntarily quit her job without good cause and thus was ineligible to receive unemployment compensation benefits. The burden of establishing eligibility for benefits was on the claimant, but she did not convince the Commission. *Flynn v. Amfac Foods, Inc.,* 97 Idaho 768, 554 P.2d 946 (1976). We find from the record sufficient substantial competent evidence to support the findings of the Commission and such findings will be sustained. *Avery v. B & B Rental Toilets,* 97 Idaho 611, 549 P.2d 270 (1976).

The decision of the Industrial Commission is affirmed. No costs allowed.

SHEPARD, C. J., BAKES and BISTLINE, JJ., and ROWETT, J. Pro Tem., concur.