596 P.2d 99

Bob H. HARRIS, SSA 519 01 4742, Claimant-Appellant,

v.

GREEN TREE, INC., d/b/a the Boisean, Employer,

and

Department of Employment, Defendants-Respondents.

No. 12995.

Supreme Court of Idaho.

June 12, 1979.

Bob H. Harris, pro se.

David H. Leroy, Atty. Gen., R. LaVar Marsh, Roger B. Madsen, Deputy Atty. Gen., Boise, for respondent Dept. of Employment.

Before SHEPARD, C. J., McFADDEN and DONALDSON, JJ., and DUNLAP and ROWETT, JJ., Pro Tem.

PER CURIAM:

Claimant-Appellant Bob H. Harris was employed as a construction carpenter and

superintendent by employer Green Tree, Inc., on a motel remodeling and construction project. The employment lasted about 23 months, until November 1, 1977. Harris's son and two or three other laborers worked under him.

On November 1, 1977, a 24-unit motel building had been virtually completed and remodeling of a laundry building was about to commence as the next phase of the project when Mr. Green, president of employer corporation, scolded Harris's son for slow work, which resulted in termination of the son's employment.

Thereupon, Harris told Green that he was upset about his son's termination, his own pay and about matters which had occurred months before, including having to pay for a broken window on the job, being docked pay for work absences, withheld payroll taxes not accounted for during a prior period of time, and not having received bonuses. He told Green that if his son were not rehired he would leave, and that Green should call him to resolve the difficulties. Green did call him later and told him his paycheck was ready.

The Industrial Commission adopted the Referee's conclusion that Harris quit his employment because Green terminated his son as an employee, which was not a sufficiently compelling reason to constitute good cause, and affirmed the decision of the appeals examiner that Harris is ineligible for unemployment benefits.

Under Article 5, § 9 of the Idaho Constitution, our review of unemployment compensation cases is limited to questions of law, and this Court will not adopt findings at variance with those of the Commission, providing the Commission's findings are supported by substantial and competent evidence in the record. *Booth v. City of Burley,* 99 Idaho 229, 580 P.2d 75 (1978).

There is substantial and competent evidence in the record here to support the Commission's findings that the claimant quit his employment due to his son's termination, and that such was not a sufficiently compelling reason to constitute "good cause" for leaving his employment to make him eligible for unemployment benefits pursuant to I.C. § 72–1366(e). The Order of the Industrial Commission is affirmed.