603 P.2d 993

**Donnell HOYT, Claimant-Appellant,**

v.

**MORRISON–KNUDSEN COMPANY, INC., Employer, Defendant-Respondent,**

and

**Department of Employment, Defendant-Respondent.**

No. 13137.

Supreme Court of Idaho.

Dec. 4, 1979.

Ronald R. Rowland, Pocatello, for claim-ant-appellant.

Stephen G. Hanks, Boise, for defendant-respondent Morrison-Knudsen Company, Inc.

Hon. David H. Leroy, Atty. Gen., R. La-Var Marsh, Deputy Atty. Gen., and Roger B. Madsen, Deputy Atty. Gen., Boise, for defendant-respondent Department of Employment.

Before DONALDSON, C. J., SHEPARD and BAKES, JJ., and THOMAS and MAYNARD, JJ., Pro Tem.

PER CURIAM.

Claimant-appellant was employed by Morrison-Knudsen Company, Inc. as a laborer for approximately one year. In February 1978 he was discharged from his employment. As a result of negotiations between his union and the company, he was reinstated about a week later. When he returned to work, appellant was assigned to work in the scrap yard removing nails from used lumber and stacking the boards. Appellant worked alone at his task for about two hours but, finding the work heavy and conditions difficult, he informed his foreman he could not handle the job and left the job site.

The Department of Employment found appellant ineligible for unemployment benefits on the ground he voluntarily quit his job without good cause. A referee for the Industrial Commission affirmed the original determination. In this appeal, appellant contends the finding that he voluntarily quit his job without good cause is not supported by competent and substantial evidence and that hearsay evidence was improperly admitted at the hearings below. We affirm the decision of the Industrial Commission finding appellant ineligible for unemployment benefits.

■ This Court will sustain the findings of fact of the Industrial Commission if supported by substantial and competent evidence. *Rogers v. Trim House*, 99 Idaho 746, 588 P.2d 945 (1979). Our review of the record shows ample such evidence to support the finding appellant voluntarily quit his job in the absence of good cause for leaving.

■ We reject appellant's argument that admission in evidence of hearsay at the

administrative hearings constituted error. Our Administrative Procedure Act provides that in contested cases, "[t]he rules of evidence as applied in non-jury civil cases in the district courts of this state shall be followed. When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted, except where precluded by statute, if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs. . . . " I.C. § 67–5210(1). In our view, this liberality as to the admission of evidence allows hearsay evidence to be admitted in hearings before the Commission at the discretion of the hearing officer. Appellant has shown no abuse of discretion in this case.

Affirmed.