654 P.2d 914

**Michael D. ELLIS, Claimant-Appellant,**

v.

**NORTHWEST FRUIT & PRODUCE, Employer-Respondent,**

and

**State of Idaho, Department of Employment, Respondent.**

No. 14107.

Supreme Court of Idaho.

Dec. 3, 1982.

Jonathan G. Ellison, Lewiston, for claimant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Carol L. Brassey, Deputy Atty. Gen., Boise, for respondent.

HUNTLEY, Justice.

The issue on this appeal is whether the order of the Industrial Commission denying unemployment compensation benefits because the claimant, Ellis, left his employment without "good cause" is supported by the evidence in the record.

The record establishes that the claimant alleged dissatisfaction with his employment for two reasons:

(1) He had not been given the sales job he thought he hired out for;

(2) He had a pre-existing back condition which was aggravated by his working on the loading dock.

After working five weeks under those admittedly undesirable circumstances, Ellis quit his employment one evening without having first ever directly and specifically met with his employer to determine whether the problems could be worked out.

The applicable provision of the Employment Security Law is I.C. § 72–1366(f), which provides: "The personal eligibility conditions are that .... (f) His unemployment is not due to the fact that he left his employment voluntarily without good cause, or that he was discharged for misconduct in connection with his employment."

"Good cause" within the meaning of I.C. § 72–1366(f) is not susceptible of an exact definition. Rather, the meaning of these words must be determined in each case from the facts of that case. *Saulls v. Employment Security Agency,* 85 Idaho 212, 377 P.2d 789 (1963).

In *Burroughs v. Employment Security Agency,* 86 Idaho 412, 414, 387 P.2d 473, 474 (1963), this court stated:

"In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard of what constitutes good cause is the standard of reasonableness as applied to the average man or woman, and not to the supersensitive."

The Commission concluded that claimant had a reasonable alternative to quitting: he could have discussed his back problem with Lynch, and he could have discussed his dissatisfaction with not being given the sales job. When an employee has viable options available to him, his voluntary termination without exploring those options does not constitute good cause for obtaining unemployment compensation. *See Fong v. Jerome School Dist.,* 101 Idaho 219, 611 P.2d 1004 (1979); *Rogers v. Trim House,* 99 Idaho 746, 588 P.2d 945 (1979). As this court stated in *Custom Meat Packing Co. v. Martin,* 85 Idaho 374, 384, 379 P.2d 664, "the policy of the law is to encourage the employer and the employee to adjust their differences and thus avoid interrupting the employment."

Findings of fact supported by substantial and competent, though conflicting, evidence will not be disturbed on appeal. *Rogers v. Trim House, supra; Toland v. Schneider,* 94 Idaho 556, 494 P.2d 154 (1972). We have reviewed the record and conclude that the Commission's findings are supported by substantial and competent evidence. The order of the Industrial Commission is affirmed.

Costs to respondent.

BAKES, C.J., DONALDSON and SHEPARD, JJ., and SCOGGIN, J. Pro Tem., concur.