670 P.2d 1302

**TENDOY AREA COUNCIL,**
Plaintiff-Appellant,

v.

**STATE of Idaho, DEPARTMENT OF
EMPLOYMENT,**
Defendant-Respondent.

No. 14463.

Supreme Court of Idaho.

Oct. 17, 1983.

**518**

Robert M. Kerr, Jr., Blackfoot, for plaintiff-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Carol Lynn Brassey, Roger Thomas Martindale, Deputy Attys. Gen., Boise, for defendant-respondent.

DONALDSON, Chief Justice.

A claim for unemployment benefits was made by a former employee of the Tendoy Area Council, Boy Scouts of America under the Employment Security Law, Title 72, Ch. 13, I.C. During its employment of the claimant from October 10, 1977, to September 1, 1978, Tendoy was a cost-reimbursement employer, I.C. § 72–1349A. The claimant had resigned from Tendoy in order to take employment with a school district in September 1978. The claimant worked for the school district for the entire 1978–79 school year and thereafter filed for unemployment benefits effective June 3, 1979.

The first determination of the claimant's eligibility included the wages earned with the school district during her base period. But because the school district assured the Department of Employment that the claimant would be employed in the next school term, the school district wages by virtue of I.C. § 72–1366(o) were exempt and the Department redetermined the claimant's eligibility based only upon her wages earned with Tendoy during her base period. Tendoy received a notice dated June 22, 1979, that the claimant had filed for unemployment benefits which might result in charges to Tendoy's account as a cost-reimbursement employer. No response was made to this notice by Tendoy. Thereafter during

that summer (June-August 1979), the Department paid $504 in unemployment benefits to the claimant. Only Tendoy was billed for the benefits paid. I.C. § 72–1349A. Tendoy pursued its administrative remedies, I.C. § 72–1368, and appeals from the decision of the Industrial Commission that it was properly billed.

■ Our appellate review of an Industrial Commission decision is limited to reviewing questions of law. *E.g., Simmons v. Department of Employment,* 99 Idaho 290, 581 P.2d 336 (1978).

■ The central question presented by this appeal is whether the appellant, Tendoy Area Council, was properly billed under I.C. § 72–1349A for unemployment benefits paid to one of its former employees. By election Tendoy was a cost-reimbursement employer under § 72–1349A. Tendoy does not argue that the claimant was not its former employee or that the claimant's base period for determining benefits did not include employment by Tendoy. Under such circumstances, we have no difficulty in affirming the Industrial Commission's conclusion that the billing was proper. I.C. § 72–1349A.

In *Department of Employment v. St. Alphonsus Hospital,* 98 Idaho 283, 561 P.2d 1316 (1977), we interpreted former I.C. § 72–1349(f) (1972 Sess.Laws, ch. 344, § 3 p. 998, 1002–05) (current version at I.C. § 72–1349(f) (1972 Sess.Laws, ch. 344, § 3, bursement employer to repay the employment security fund for erroneous payments to claimants. We also acknowledged a 1976 amendment of the statute, 1976 Idaho Sess. Laws, ch. 207, § 4, p. 754, 758–62, which would require cost-reimbursement employers to repay the fund for payments erroneously or incorrectly paid.

The version of the statute,[1] 1978 Idaho Sess.Laws, ch. 112, § 6, p. 232, 239–43 (cur-

---

1. Former I.C. § 72–1349A, 1978 Idaho Sess. Laws, ch. 112, § 6, p. 232, 239–40, applicable here in pertinent part provided as follows:

"72–1349A. FINANCING OF BENEFIT PAYMENTS BY NONPROFIT ORGANIZATIONS. (a) Benefits paid to employees of nonprofit organizations shall be financed in

accordance with the provisions of this section. For the purpose of this section, a nonprofit organization is a religious, charitable, educational or other organization which is described in section 501(c)(3) of the Federal Internal Revenue Code and which is exempt from tax under section 501(a) of such code.

rent version at I.C. § 72–1349A), applicable here retained this requirement that a cost-reimbursement employer repay the employment security fund for "payments erroneously or incorrectly paid or paid as a result of a determination of eligibility which is subsequently reversed, if said payment or any portion thereof was made as a result of wages earned in the employ of such non-profit organization." *Id.* The clear language of the statute just quoted is dispositive of the central issue—Tendoy is liable under § 72–1349A. *See Department of Employment v. St. Alphonsus Hospital,* 98 Idaho 283, 285, 561 P.2d 1316, 1318 (1977) (Bakes, J., dissenting). The burden is clearly upon the appellant to demonstrate the invalidity of I.C. § 72–1349A, which burden the appellant has failed to carry.

▆▆▆ Under I.C. § 72–1349A, if benefits were erroneously or incorrectly paid to a claimant, the cost-reimbursement employer would be entitled to credit to his account for any sums recovered by the Department from the benefit claimant. Therefore, it is necessary that we next consider whether the claimant was eligible for benefits.[2] The

version of I.C. § 72–1366(*o*)(1) and (2) applicable here provided that:

"(*o*)(1) With respect to weeks of unemployment beginning after December 31, 1977, *benefits based on wages earned for services performed* in an instructional, research, or principal administrative capacity for an educational institution, ~~benefits~~ shall not be paid ~~based on such services~~ for any week of unemployment commencing during the period between two (2) successive academic years, or during a similar period between two (2) ~~whether or not successive~~ terms, *whether or not successive,* or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years (or terms) and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

"(2) With respect to weeks of unemployment beginning after December 31, 1977, *benefits based on wages earned for services performed* in any other capacity

---

"A group of nonprofit organizations may elect with the approval of the director to act as a group in fulfilling the requirements of this section or of this act.
"(1) Liability for contributions and election of reimbursements. Any nonprofit organization shall pay contributions under the provisions of section 72–1349, Idaho Code, unless it elects in accordance with this paragraph to pay to the director for the unemployment fund an amount equal to the *full* amount of regular benefits and one-half (½) the *amount of* extended benefits paid, for any reason including but not limited to payments made as a result of a determination or payments erroneously or incorrectly paid or paid as a result of a determination of eligibility which is subsequently reversed, if said payment or any portion thereof was made as a result of wages earned in the employ of such nonprofit organization, any sums recovered by the department from a benefit claimant as a result of said payments shall be credited to the account of the nonprofit organization which reimbursed the fund for the payment of said benefits. Where such benefits are paid utilizing wages paid by two (2) or more employers, the portion of benefits to be repaid by a nonprofit organization shall

be their proportionate share. This shall be computed on the basis of the relationship between wages utilized which were earned for services performed for such nonprofit organization and the total wages utilized in paying such benefits."

2. The appellant argues that the claimant was not eligible for benefits. Prior to the 1980 amendment of I.C. § 72–1323, a cost-reimbursement employer was not listed as an "interested party" under the Employment Security Law, Title 72, Ch. 13, I.C., and therefore not expressly designated by I.C. § 72–1368(e) to receive notice of determinations of eligibility or permitted by I.C. § 72–1368(d) to request a redetermination of eligibility.

The record discloses that Tendoy received a notice dated June 22, 1979, which advised Tendoy that a claim for benefits had been made by a former employee which may result in charges to Tendoy's account as a cost-reimbursement employer. However, the record does not disclose that Tendoy received any notice of the determination of eligibility prior to the billing under I.C. § 72–1349A; therefore we view the raising of the issue of the claimant's eligibility following the billing as timely.

for an educational institution (other than an institution of higher education) ~~benefits~~ shall not be paid ~~on the basis of such services~~ to any individual for any week which commences during a period between two (2) successive school years or terms~~, or during a period of paid sabbatical leave~~ if such individual performs such services in the first of such school years or terms, and there is a contract or reasonable assurance that such individual will perform such services in the second of such school years or terms." 1979 Idaho Sess.Laws, ch. 110, § 2, p. 348, 354 (emphasized portions reflect new material; the dashed portions reflect material deleted).

 The appellant contends that the claimant was ineligible for benefits under I.C. § 72–1366(e) because the claimant left Tendoy's employ "voluntarily without good cause." The State contends without fully considering § 72–1366(e) that the claimant by working for the school district satisfied the conditions of former I.C. § 72–1366(*l*)[3] and thereby reestablished her eligibility. We find the State's contention is flawed because it incorrectly interprets the impact of I.C. § 72–1366(*o*) upon § 72–1366(*l*). We agree with the appellant that wages paid a person identified by § 72–1366(*o*)(1) or (2) should not be considered in determining whether the conditions of § 72–1366(*l*) are satisfied.

The Industrial Commission found that the claimant voluntarily resigned from her position with Tendoy; however, the record does not reveal whether good cause was shown, I.C. § 72–1366(e). Because the question of the claimant's eligibility for benefits was not fully resolved by the Commission, we must remand to the Commission to make the determination under I.C.

§ 72–1366(e) of whether the claimant was eligible.[4]

Regardless of the determination of the claimant's eligibility, we reiterate that under I.C. § 72–1349A that a cost-reimbursement employer is liable for the benefits paid to a claimant as a result of the wages paid by the employer during the claimant's base period.

No costs allowed.

No attorney fees on appeal.

Affirmed in part and remanded in part.

SHEPARD, BAKES, BISTLINE and HUNTLEY, Jr., JJ., concur.

---

3. Former I.C. § 72–1366(*l*), 1978 Idaho Sess. Laws, ch. 112, § 9, p. 232, 248 (current version at I.C. § 72–1366(n)), provided in pertinent part:

"A benefit claimant who has been found ineligible for benefits under the provisions of subsection [ ] ... (e) ... of this section may reestablish his eligibility by having obtained bona fide work and received wages therefor in an amount of at least eight (8) times his weekly benefit amount."

4. We note that further proceedings may result in a recovery of benefits paid to the claimant. In such an event, the account of Tendoy would be credited. I.C. § 72–1349A(a)(1).