691 P.2d 1211

**CITY OF BONNERS FERRY,**
**Employer-appellant, Cross**
**respondent,**

v.

**IDAHO DEPARTMENT OF EMPLOY-**
**MENT, Respondent, Cross appellant.**

**CITY OF BONNERS FERRY,**
**Employer-respondent,**

v.

**IDAHO DEPARTMENT OF**
**EMPLOYMENT, Appellant.**

**Nos. 14964, 14992.**

Supreme Court of Idaho.

Nov. 28, 1984.

Peter B. Wilson, of Wilson & Walter, Bonners Ferry, Idaho, for appellant City of Bonners Ferry.

Jim Jones, Attorney General, and Roger Martindale, Deputy Attorney General, Boise, Idaho, for respondent Department of Employment.

PER CURIAM:

Bonners Ferry is a cost reimbursement employer pursuant to I.C. § 72–1349B. The controversy here stems from differing interpretations of I.C. § 72–1349B. The

facts of these consolidated cases are uncontroverted.

A claims examiner found the city liable for reimbursement of state unemployment benefits paid to three previous city employees who voluntarily quit city employment but later re-established their eligibility for unemployment benefits. The city appealed each case to the Industrial Commission, where the cases were consolidated.

The Industrial Commission found the city liable for reimbursement of benefits paid to two of the claimants. However, because the Department of Employment failed to meet its burden of establishing, by a preponderance of the evidence, that the third claimant met the eligibility conditions, the Industrial Commission held that the department is estopped from charging the city for the third claimant's benefits.

After reviewing the entire record, we affirm the orders of the Industrial Commission in the above entitled matters for the reasons set out by the Industrial Commission in those orders. *See Tendoy Area Council v. State of Idaho,* 105 Idaho 517, 670 P.2d 1302 (1983).

Affirmed. Costs to respondents.