700 P.2d 63

**TENDOY AREA COUNCIL, EMPLOY-ER ACCOUNT NO. 700036, Employer-Appellant,**

v.

**STATE of Idaho, DEPARTMENT OF EMPLOYMENT, Respondent,**

**Re: Sheila M. Funkhouser, SSA 518 60 1057.**

**No. 15616.**

Supreme Court of Idaho.

May 2, 1985.

Robert M. Kerr, Jr., Blackfoot, for employer-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Evelyn Thomas, Deputy Atty. Gen., Boise, for respondent.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Commission that unemployment insurance benefits were correctly paid to the claimant Funkhouser and that Tendoy, a cost-reimbursement employer, was correctly billed for those benefits.

This case was previously before this Court in *Tendoy Area Council v. State,* 105 Idaho 517, 670 P.2d 1302 (1983). The Court therein held, "Regardless of the determination of the claimant's eligibility, we reiterate that under I.C. § 72–1349A that a cost-reimbursement employer is liable for the benefits paid to a claimant [whether the payments were made erroneously or correctly] ..." In *Tendoy* I, we nevertheless remanded the cause to the Industrial Commission to determine whether good cause had been shown for the claimant leaving Tendoy's employment "voluntarily without good cause." I.C. § 72–1366(e).

■ Upon remand, a further hearing was held before an appeals examiner on the question of whether claimant Funkhouser had voluntarily left employment

without good cause. Although notified of the hearing, claimant failed to appear and hence no additional evidence was tendered which had any bearing on the question of good cause. Nevertheless, the hearing examiner found that claimant had resigned her position with Tendoy because her new employment would avoid extensive commuting. It is sufficient to say that there is nothing in the record presented here which provides any foundation for that finding of the appeals examiner. Hence, the decision of the Industrial Commission that claimant had good cause to voluntarily terminate her employment at Tendoy is not supported by the evidence and must be reversed.

■ A condition of eligibility for unemployment compensation is that a claimant has not left employment voluntarily without good cause. I.C. § 72–1366(e). A claimant who has voluntarily left employment bears the burden of establishing that such termination was for good cause. *Owen v. Newberg Cedar,* 101 Idaho 77, 609 P.2d 144 (1980). Here there is no showing that claimant's voluntary termination of her employment with Tendoy was for good cause.

The decision of the Industrial Commission that claimant voluntarily left the employment of Tendoy for good cause is reversed. Tendoy's "victory" in the instant case may be pyrrhic since it, as a cost-reimbursement employer, will nevertheless be billed as a cost-reimbursement employer for the benefits erroneously paid to claimant, *Tendoy* I, unless or until the Department of Employment recoups the benefits erroneously paid claimant.

Costs to appellant. No attorney's fees on appeal.

DONALDSON, C.J., and BAKES, J., concur.

BISTLINE, Justice, dissenting.

"Substantial and competent evidence" apparently depends upon whether you are a claimant or an employer. In the past 32 years, this Court has decided 22 cases involving the exact issue before us today—whether substantial and competent evidence exists to support the Industrial Commission's conclusion that a claimant either had or did not have good cause to leave his or her job. Of those 22 cases, only twice has this Court held that a claimant has had good cause for quitting; including today's case, this Court has held 21 out of 23 times that a claimant has not had good cause for quitting. *See Ellis v. Northwest Fruit & Produce,* 103 Idaho 821, 654 P.2d 914 (1982); *Owen v. Newberg Cedar,* 101 Idaho 77, 609 P.2d 144 (1980); *Fong v. Jerome School District,* 101 Idaho 219, 611 P.2d 1004 (1979); *Hoyt v. Morrison-Knudsen Co., Inc.,* 100 Idaho 659, 603 P.2d 993 (1979); *Guillard v. Department of Employment,* 100 Idaho 647, 603 P.2d 981 (1979); *Harris v. Green Tree, Inc.,* 100 Idaho 227, 596 P.2d 99 (1979); *Rogers v. Trim House,* 99 Idaho 746, 588 P.2d 945 (1979); *Cheesbrough v. Three Rivers Resort,* 99 Idaho 715, 587 P.2d 1250 (1978); *Stone v. South Hill Chevron,* 99 Idaho 162, 578 P.2d 1093 (1976); *Clay v. Crooks Industries,* 96 Idaho 378, 529 P.2d 774 (1974); *Toland v. Schneider,* 94 Idaho 556, 494 P.2d 154 (1972); *McMunn v. Dept. of Public Lands,* 94 Idaho 493, 491 P.2d 1265 (1971); *Clark v. Bogus Basin Recreational Assoc., Inc.,* 91 Idaho 916, 435 P.2d 256 (1967); *Oliver v. Creamer Heating & Appliance,* 91 Idaho 312, 420 P.2d 795 (1966); *Boodry v. Eddy Bakeries Co.,* 88 Idaho 165, 397 P.2d 256 (1964); *Burroughs v. Employment Security Agency,* 86 Idaho 412, 387 P.2d 473 (1963); *Bean v. Employment Security Agency,* 81 Idaho 551, 347 P.2d 339 (1959); and *Rody v. Potlatch Forests,* 74 Idaho 404, 263 P.2d 553 (1953). The lone two cases siding with the claimant are: *Maez v. Thunderbird Market,* 101 Idaho 128, 609 P.2d 660 (1980) and *Mager v. Garrett Freightlines, Inc.,* 100 Idaho 469, 600 P.2d 773 (1979).

Today's decision will only add fuel to the fire of those anarchists accusing this Court of reaching result-oriented decisions in unemployment cases. In the past, unlike this case, the Court has religiously resorted to the substantial and competent evidence

rule for refusing to upset Commission findings of good cause. The result has been almost one hundred percent denial of unemployment benefits. Today, however, the Court marches to a different tune where the Commission has ruled in the employee's favor. Coming to grips with this untoward circumstance, the Court reverses the Commission's factual findings and then rules against the employee. In that manner, that which has in the past been impenetrable of review is proven to be not so impenetrable after all.

Clearly, the Court will be seen as imposing its own policy just as it candidly conceded to doing in *Dunbar v. United Steelworkers of America*, 100 Idaho 523, 546, 602 P.2d 21, 44 (1979). The message is clear: this Court simply will not yield to the declared purpose of Idaho's unemployment laws, which is to alleviate the hardship caused by unemployment which was not caused by any fault on the employee's part. *Smith v. Dept. of Employment*, 100 Idaho 520, 521, 602 P.2d 18, 19 (1979).

HUNTLEY, Justice, dissenting with whom BISTLINE, Justice, concurs.

I would affirm for the reason that the determination by the Commission that the claimant was eligible for the benefits paid is supported by competent, though "scanty" evidence. Since a cost-reimbursement employer is properly billed for the benefits, whether they were correctly or incorrectly paid, the appeal raised no meaningful issue of law and therefore I would award costs and attorney fees to the respondent.