719 P.2d 1206

Barbara DEY, SSA 518–64–1407, Claimant-Appellant,

v.

EDWARD G. SMITH AND ASSOCIATES, INC., Employer-Respondent,

and

State of Idaho, Department of Employment, Respondent.

No. 16190.

Supreme Court of Idaho.

June 5, 1986.

James C. Meservy, Fuller & Meservy, Jerome, for claimant-appellant.

Jim Jones, Atty. Gen., and Larry F. Weeks, (argued), Deputy Atty. Gen., Boise, for respondent State of Idaho, Dept. of Employment.

John S. Ritchie, Twin Falls, for employer-respondent Edward G. Smith and Associates, Inc.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Commission which denied claimant Dey unemployment insurance benefits. We reverse and remand for hearing.

Claimant had been employed for approximately two years by employer Smith and Associates as a vice president in charge of all administrative duties. Dey and Smith had a heated discussion on February 28, 1985. Dey asserts her resignation was demanded. Smith denies requesting her resignation. After consulting legal counsel Dey left her job on March 6, 1985, stating in writing, "You asked for my resignation Friday March 1, 1985, and after considerable debate, I am submitting it." Dey asserts that she also left the employment because of Smith's mistreatment and irrational behavior and harassment.

Upon filing for unemployment insurance benefits, Dey was determined eligible on a finding that: "The claimant refused to give her resignation when it was requested and worked for several more days and then she left when she realized that the employer didn't want her there. Though the employer claims that she voluntarily quit, it is apparent that she was forced to leave and thus she was terminated. No evidence has been presented to establish that she was terminated because of willful misconduct on her part in connection with her job."

From that determination the employer appealed, and a telephone hearing was held before an appeals examiner. At the conclusion thereof a decision was rendered adversely to claimant Dey. Dey thereafter appealed to the Industrial Commission and requested a hearing. Both Dey and Smith indicated that additional evidence would be presented at the requested hearing. The Commission denied a hearing, ruling that it was not required in the interest of justice and summarily affirmed the ruling of the appeals examiner. From that order of the Industrial Commission appeal was taken to this Court. We note that employer Smith has not appeared by either brief or argument in this proceeding, but rather claimant's appeal is resisted only by the Department of Employment.

■ I.C. § 72–1366(e) provides that a claimant shall be eligible for unemployment insurance benefits provided unemployment is not due to the fact that the claimant left employment voluntarily without good cause, or was discharged for misconduct in connection with employment. We find no assertion here, nor does the record before us provide any indication, that claimant Dey was discharged for misconduct. Hence, the only issue presented is whether claimant Dey's voluntary termination of employment was based upon good cause, i.e., Smith's alleged offensive and harassing verbal and physical behavior, and/or his demands for Dey's resignation. The test for good cause, set forth in *Burroughs v. Employment Security Agency*, 86 Idaho 412, 387 P.2d 473 (1963), is as follows:

"In order to constitute good cause, the circumstances which compel the decision to leave employment must be real, not imaginary, substantial not trifling, and reasonable, not whimsical; there must be some compulsion produced by extraneous and necessitous circumstances. The standard of what constitutes good cause

is the standard of reasonableness as applied to the average man or woman, and not to the supersensitive; ...."

Good cause will not be extended to include purely personal and subjective reasons which are unique to the employee or cases accompanied by minor irritations, *Boodry v. Eddy Bakeries Company*, 88 Idaho 165, 397 P.2d 256 (1964); *compare Meyer v. Skyline Mobile Homes*, 99 Idaho 754, 589 P.2d 89 (1979). We need not, however, decide that issue since we hold that the hearing before the appeals examiner was inadequate and flawed and that the interests of justice required a hearing before the Industrial Commission.

We recognize the desirability of telephone conference calls as a means of holding hearings in a large number of cases as a expedient and economic resolution of issues from the standpoint of both the parties and the Department of Employment. However, in the instant case, after a review of the record we conclude that the telephone hearing did not provide a complete or orderly basis for the resolution of the dispute. Our review indicates that on several occasions there were disconnections, either deliberate or inadvertent, and that at times the proceedings were heated, argumentative, interrupted, and in effect the appeals examiner lost any control of the situation. Hence, we are unable to determine what "testimony" if any was lost, and whether the decision adverse to the claimant was as a result of, and based upon, a "fair" hearing. Based on the above we hold that the interests of justice require that a hearing be held before the Industrial Commission wherein a record of a complete and orderly proceeding can be made.

The orders of the Industrial Commission are reversed and the cause is remanded for a hearing before the Commission. Costs to claimant-appellant Dey.

DONALDSON, C.J., and BAKES, BISTLINE and HUNTLEY, JJ. concur.

BISTLINE, Justice, specially concurring.

I do not disagree with the Court's opinion which directs that a hearing be held before the Commission because of the inadequate telephonic hearing conducted by the Department's appeals examiner. Accordingly, I have joined not only the Court's judgment but its opinion as well.

However, keeping in mind that the Commission, apparently not sharing the Court's view as to the quality of the Department's hearing, proceeded to consider and affirm the Department's appeals examiner, it was and continues to be my view that the Court could do as it did just the other day in *Bortz v. Payless Drug Store*, 110 Idaho 942, 719 P.2d 1202 (Sup.Ct.1986). There we accepted the facts found but, disagreeing as to the conclusion drawn (which is not binding on us), we reached our own conclusion and, on reversing, directed the entry of an award in favor of claimant.

The decision of the appeals examiner sets out the claimant's reasons for quitting:

The claimant asserts that during the February 28, 1985, conversation, Mr. Smith became angry and grabbed her and set her down in a chair when she attempted to leave, and that in the meeting on March 1, 1985, he had a tape recorder going, and that she assumed that it was operating. She did not ask him if the recorder was operating. Mr. Smith asserts that the recorder was simply kept in his desk drawer and no recording of the meeting was made. The claimant asserts further that she overheard Mr. Smith make a telephone call to what she presumed to be an attorney saying that he wanted to fire her, but that he did not want her to be eligible for unemployment insurance benefits. She asserts that Mr. Smith had a violent temper, and that his behavior frightened her, and that he degraded and humiliated her. Other than the discussion on February 28, 1985, and March 1, 1985, the claimant provided no other examples of her allegations. Mr. Smith denies the allegations. Decision of Appeals Examiner, p. 3.

The conclusion of the appeals examiner, made in light of *Burroughs v. Employment Security Agency*, 86 Idaho 412, 387 P.2d 473 (1963), and *Ellis v. Northwest Fruit & Produce*, 103 Idaho 821, 654 P.2d 914 (1982), were, as I comprehend the same, that claimant failed to establish that there were compelling reasons for quitting and that her actions in quitting were not those of a "reasonably prudent person" under circumstances in which a claimant was treated in a humiliating, degrading, or harassing manner. Just as in *Bortz*, that conclusion is contrary to the proper conclusion to be drawn, which is that Dey acted reasonably in quitting such employment. While quitting any job may not be prudent, prudence is not any part of the *Burroughs* standard.