887 P.2d 1057

**Harlen K. HART, Claimant–Appellant,**

v.

**DEARY HIGH SCHOOL, Employer,**

and

**State of Idaho, Department of Employment, Defendants–Respondents.**

No. 20784.

Supreme Court of Idaho,
North Idaho, October 1994 Term.

Dec. 30, 1994.

Stanton P. Rines, Jr., Kendrick, for appellant.

William L. Herrington, Moscow, for respondent Whitepine School Dist.

Larry EchoHawk, Atty. Gen., Evelyn Thomas (argued), Deputy Atty. Gen., Boise, for respondent State.

TROUT, Justice.

This is an appeal from a decision by the Industrial Commission (the Commission) denying unemployment benefits to the appellant, Harlen K. Hart.

# I.

## BACKGROUND AND PROCEDURAL HISTORY

Between August 1, 1990 and September 11, 1991, Hart was employed by the Whitepine Joint School District (the District) as a janitor at Deary High School in Deary, Idaho. On September 11, 1991, Hart gave the school principal, Raymond Ireland, a written letter of resignation. He subsequently made a request for unemployment benefits.

Hart's request was initially denied by the Department of Employment. He appealed this denial and an evidentiary hearing was scheduled before an appeals examiner. The District then failed to appear at the time set for the hearing. Based on Hart's uncontroverted testimony, the appeals examiner concluded he was entitled to benefits. The District protested this decision and appealed the issue to the Industrial Commission. The Commission remanded the matter for a second hearing at which both parties could present evidence. Following the second hearing, the appeals examiner reversed his prior decision and found that Hart had voluntarily terminated his employment without good cause in connection with his employment. Therefore, Hart was found ineligible for benefits. Hart appealed this decision to the Industrial Commission. The Commission adopted the appeals examiner's findings of fact and reached its own conclusions of law upholding the decision that Hart was not entitled to benefits. Hart appeals to this Court contending that the Industrial Commission erred in holding that he voluntarily quit his job and that he quit without good cause.

The findings relating to Hart's resignation, as found by the appeals examiner, are as follows: Hart submitted the letter of resignation because he believed his discharge was imminent. The day before he submitted the letter, Hart was brought into Ireland's office for a discussion regarding work that Ireland believed to be substandard.[1] Thereafter,

1. Ireland reprimanded Hart about his inability to speed up his work and complete certain tasks that had been assigned to him. Although Hart claimed that the type of work assigned was beyond his capabilities, Ireland testified that he believed the tasks were of a type that any janitor could be expected to perform. According to Ireland, Hart was asked to paint bleachers, nail boards to a wall, water a playground, and finish installing student lockers.

Hart approached another District employee, Richard Marone, allegedly seeking advice as to his continued employment status with the District. Marone, who had previously acted as Hart's supervisor, then spoke with Ireland. Hart claimed that Marone subsequently advised him to end his employment with the District. He further claimed that Marone helped him compose the letter of resignation submitted to Ireland.

In contrast to Hart's testimony, Ireland testified that, on September 10, 1991, Hart decided to quit because he could not perform up to Ireland's expectations. Ireland also testified that he informed Hart to submit a letter of resignation if he did indeed want to quit his job. Ireland denied that he intended to discharge Hart at the September 10 meeting. Furthermore, Richard Marone denied that he helped draft Hart's letter of resignation. According to Marone, his only involvement with the letter was in helping Hart correct spelling errors. He also specifically denied that he advised Hart to quit his job.

## II.

## ANALYSIS

■ Idaho Code § 72–1366(e) provides that a claimant is ineligible for unemployment benefits if he voluntarily terminated his employment without good cause connected with his employment, or was discharged for misconduct in connection with his employment. If the termination is voluntary, the burden is on the claimant to prove that it was for good cause. *Pyeatt v. Idaho State Univ.*, 98 Idaho 424, 565 P.2d 1381 (1977). However, if the employee is discharged, the burden of proving that the discharge was for misconduct falls on the employer. *Parker v. Saint Maries Plywood*, 101 Idaho 415, 614 P.2d 955 (1980). Hart argues on appeal that he was, in fact, discharged . and that the District should have had to prove misconduct. He also argues that, even if he did quit, he had good cause to do so.

■ Hart's contentions overlook the fact that our review of decisions of the Industrial Commission is limited to questions of law. Idaho Const. art. V, § 9. Accordingly, factual determinations made by the Commission

will not be overturned when supported by substantial and competent, though conflicting, evidence. *E.g., Hutchinson v. J.R. Simplot Co.*, 98 Idaho 346, 563 P.2d 404 (1977). *See also* I.C. § 72–732. The substantial and competent evidence standard is consistent with the clearly erroneous standard of I.R.C.P. 52(a). *Mulch v. Mulch*, 125 Idaho 93, 98, 867 P.2d 967, 972 (1994); *Barber v. Honorof*, 116 Idaho 767, 770, 780 P.2d 89, 92 (1989).

In this case, the Commission specifically found (1) that Hart voluntarily resigned and (2) that he lacked good cause to do so. We have held that each of these determinations is factual in nature. *See, e.g., Ullrich v. Thorpe Elec.*, 109 Idaho 820, 823, 712 P.2d 521, 524 (1985) (meaning of "good cause" within I.C. § 72–1366(e) is a factual determination made on a case-by-case basis); *Harris v. Green Tree, Inc.*, 100 Idaho 227, 596 P.2d 99 (1979) (per curiam) (Commission's finding that claimant voluntarily quit upheld since it was supported by substantial and competent evidence). Thus, contrary to Hart's assertions, the proper inquiry is whether the Commission's findings as to Hart's resignation are supported by substantial and competent evidence.

### A. *Whether Hart's Resignation was Voluntary*

■ Whether an employee has quit or has been discharged is determined by asking whether the employer's actions or statements could reasonably be interpreted as discharging the claimant. *See Porter v. Gem State Plumbing*, 119 Idaho 54, 803 P.2d 555 (1990). Although Hart may have subjectively believed his discharge was imminent, the Commission found this belief to be unreasonable. Therefore, the Commission concluded that Hart's separation was voluntary. Substantial evidence in the record supports this finding.

■ Ireland testified that he told Hart he was to be placed on probation and discharged only at some point in the future if his performance did not improve. Hart himself testified that Ireland stated "that *if* I didn't speed up and do a lot of the stuff that he thought I wasn't doing, that he'd have to let me go."

Testimony such as this, confirming that any discharge was contingent upon future events, is at odds with a claim that a person reasonably believed he had already been discharged. Finally, Marone testified that Hart had decided to quit prior to requesting his advice and that he never encouraged Hart to resign.[2]

Given the factual nature of the issue and the evidence supporting the Commission's resolution of that issue, we conclude that the determination that Hart's resignation was voluntary was not clearly erroneous.

### B. Whether Hart had Good Cause to Resign

■ Whether an employee had "good cause" to quit is governed by the standard of reasonableness as applied to the average man or woman, and not to the supersensitive. There must be a compulsion to quit produced by real and necessitous circumstances. *Burroughs v. Employment Sec. Agency*, 86 Idaho 412, 414, 387 P.2d 473, 474 (1963). Further, an employee must explore all viable options before making the decision to quit. *Ellis v. Northwest Fruit & Produce*, 103 Idaho 821, 823, 654 P.2d 914, 916 (1982). This further requirement stems from the fact that "the policy of the law is to encourage the employer and employee to adjust their differences and thus avoid interrupting the employment." *Custom Meat Packing Co. v. Martin*, 85 Idaho 374, 384, 379 P.2d 664, 670 (1963).

■ The record is clear that, following his meeting with Ireland, Hart did not attempt to perform the requested tasks or to reach a compromise with Ireland. Although Hart testified to a perceived inability to do the work requested of him, we have previously affirmed Commission findings that an inability to handle one's job does not rise to the level of good cause to resign. *Hoyt v. Morrison–Knudsen Co.*, 100 Idaho 659, 660, 603 P.2d 993, 994 (1979). Since the Commission's determination regarding the lack of good cause is likewise supported by substantial and competent evidence, we conclude that it was not clearly erroneous.

Hart attempts to rely on *Bortz v. Payless Drug Store*, 110 Idaho 942, 719 P.2d 1202 (1986), for the proposition that, where an employee is pressed to the point where he believes his discharge is imminent, he has good cause to resign. This contention overlooks the objective nature of the inquiry into whether an employee had good cause to quit. In *Bortz*, we found the fact that the claimant had been threatened and interrogated by her employer in an extremely offensive manner, coupled with her reasonable belief that discharge was imminent, amounted to good cause to quit her employment. *Id.* at 945, 719 P.2d at 1205 (citing *Burroughs*, 86 Idaho 412, 387 P.2d 473 (1963)). Here, there is no indication that Hart was threatened or intimidated, or in any way forced to resign. A request by an employer to complete assigned tasks simply does not amount to a "necessitous circumstance" that would compel a reasonable person to quit work.

■ Hart also requests that we fashion a new rule to the effect that, any time an employer has some contact with an employee who resigns, a discharge should be presumed and the burden should shift to the employer to put on proof of misconduct. Because we find no basis for such an interpretation in I.C. § 72–1366(e), we decline to adopt the rule proposed by Hart.

In sum, there is substantial and competent evidence to support the finding that Hart voluntarily terminated his employment and that he did so without good cause connected with his employment. Therefore, the denial of unemployment benefits is affirmed. Based on our disposition of this appeal, we will not address Hart's request for attorney fees.

### III.

### CONCLUSION

The decision of the Industrial Commission is affirmed. Costs on appeal are awarded to respondents.

---

2. In fact, a plausible reading of the transcript suggests that Hart was going to quit and Marone merely indicated that it would be best to give the District advance notice via a written letter.

McDEVITT, C.J., SILAK, J., and BURDICK, J., Pro Tem., concur.

JOHNSON, J., sat but did not participate.